UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
U2 HOME ENTERTAINMENT, INC.,

                 Plaintiff,                 06-CV-3342 (ARR) (RER)

    -against-                     REPORT & RECOMMENDATION

FU SHUN WANG, LAM MING ZHONG
and "JOHN DOES IV through V" d/b/a
"Gai Fat Rentals"; LI XIN DVD RENTAL,
INC., and JIA LI VCD RENTAL, INC.,
also d/b/a "Gai Fat Rentals,"

                 Defendants.
------------------------------------------------------X

**RAMON E. REYES, JR., U.S.M.J.:**

## Introduction

Plaintiff U2 Home Entertainment, Inc. ("plaintiff") brings this action against defendants Fu Shun Wang ("Wang"), Lam Ming Zhong ("Lam"), Li Xin DVD Rental, Inc., and Jia Li VCD Rental, Inc., all doing business as "Gai Fat Rentals" (collectively, "defendants"), alleging that they violated the Copyright Act, 17 U.S.C. §§ 101, *et seq*. and the Lanham Act, 15 U.S.C. § 1125(a). Second Amended Complaint ¶¶ 1, 19. More specifically, plaintiff alleges that defendants unlawfully duplicated and offered for sale to the public Asian language television shows in which plaintiff owns the exclusive copyrights and trademarks. *Id.* ¶¶ 10-11, 21-24.

Upon plaintiff's motion for a default judgment, and in light of the corporate defendants' failure to file an answer, on November 9, 2006 the Clerk of the Court noted the corporate defendants' default pursuant to Fed. R. Civ. P. 55(a). Docket Entry 21. The Honorable Allyne R. Ross then referred plaintiff's motion to me for a report and recommendation on the issue of damages. Docket Entry 24.

Subsequently, plaintiff moved for a default judgment against the individual defendants, Wang and Lam. Docket Entry 37. Judge Ross referred the motion to me "[f]ollowing the notation of the Clerk's Entry of Default, if any, . . . to conduct a damages inquest and issue a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Docket Entry 36. The Clerk of the Court noted the individual defendants' defaults on March 1, 2007. Docket Entry 39.

For the reasons which follow, I respectfully recommend that default judgment be entered against defendants, jointly and severally, in the amount of $383,250.00, and that they be permanently enjoined from infringing plaintiff's existing or future copyrights and trademarks.[1]

**Facts**

Plaintiff, a motion picture company, has obtained the exclusive distribution rights to several copyrighted Asian language motion pictures and television programs. Second Amended Compl. ¶¶ 2, 8. Plaintiff imports and/or reproduces these movies and television programs on videocassette, laser disc, video compact disc ("VCD"), or digital versatile disc ("DVD")[2] for distribution in the home video rental and sales markets in the United States. *Id.* at ¶ 8. Plaintiff or its licensors have "complied with all applicable statutory formalities required by the Copyright Act, including renewals, where required, to maintain the validity of the registered copyrights" in the movies and television programs at issue in this litigation. *Id.* at ¶ 9. Plaintiff also owns the trademark registration in the name Tai Seng Video Marketing, Inc., and related design. *Id.* at ¶ 21.

---

[1] Plaintiff has waived its statutory right to recover attorney's fees and costs, *see* 17 U.S.C. § 505, if it is awarded statutory damages. Memorandum of Law is Support of Plaintiff's Motion for a Default Judgment Against Fu Shun Wang and Ming Zhong Lam ("Pl's Br."), at 23-24.

[2] Digital versatile discs are also known as "digital video discs."

Defendants Wang and Lam own, operate or have a financial interest in the two defendant corporations, doing business under the name Gai Fat Rentals. Second Amended Compl. ¶¶ 3-7. Gai Fat Rentals rents and sells Asian language movies and television programs on VCD and DVD. *Id.*

Plaintiff commenced this action on July 10, 2006, at which time Judge Ross issued an *ex parte* order of seizure providing, *inter alia*, for the seizure and impoundment of unauthorized copies of plaintiff's motion pictures found at Gai Fat Rentals. *See* Affidavit of Alan T. Huie in Support of Plaintiff's Motion for Default Judgment Against Fu Shun Wang and Ming Zhong Lam, ¶ 9. The seizure order was predicated on plaintiff's investigation into the unauthorized distribution of its movies and television programs. *Id.* ¶ 4-7. During the investigation, plaintiff's investigator purchased from Gai Fat Rentals several unauthorized copies of DVDs containing its television programs and its registered trademark. *Id.* On July 19, 2006, the United States Marshal, accompanied by plaintiff's representatives, seized from Gai Fat Rentals approximately 2,586 unauthorized DVDs containing plaintiff's copyrighted and trademarked works. *Id.* ¶ 10. Also seized from the store was equipment apparently used to make the unauthorized copies of plaintiff's protected works. A total of 511 separate episodes of plaintiff's copyrighted television shows appeared on the DVDs plaintiff's investigator purchased or the United States Marshal seized.

Although Wang and Lam have appeared at several court conferences, neither of them has filed an answer, nor have they ever contradicted the facts plaintiff asserts.[3]

---

[3] Wang, while not disputing plaintiff's allegations, has claimed that he sold Gai Fat Rentals to Lam prior to the alleged infringement. Wang's in-court statements, which are unsworn, are flatly contradicted by the fact that at the time of the seizure, mail addressed to him, including bank statements and telephone bills, was found at the store. *See* Huie Aff., ¶ 12.

**Discussion**

A.  Liability

Once a default judgment is entered, a defendant is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. *See Greyhound Exhibitgroup, Inc., v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *Montcalm Pub. Corp. v. Ryan*, 807 F. Supp. 975, 977 (S.D.N.Y. 1992).

The allegations of plaintiff's complaint establish defendants' liability under § 501 of the Copyright Act. Section 501 provides the owner of a copyright with a cause of action for infringement against "[a]nyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 118." 17 U.S.C. § 501(a). Section 106(3) provides that the owner of a copyrighted work has the exclusive rights to "distribute copies . . . of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending . . . ." 17 U.S.C. § 106(3). It further provides that the copyright owner has the exclusive right to authorize the distribution of the copyrighted work. *Id.* Plaintiff alleges that defendants offered for sale or rental, and sold or rented to the public unauthorized copies of their copyrighted works. Defendants' conduct, which is unrebutted, violated the Copyright Act.[4]

---

Wang's motion to appoint counsel was granted on October 24, 2006. Nevertheless, pro bono counsel never appeared on behalf of Wang or any of the other defendants.

[4] The complaint alleges that Wang and Lam own and operate Gai Fat Rentals, and have the ability to control the corporate defendants. Thus, defendants Wang and Lam are jointly and severally liable for the copyright infringement. *See, e.g.,* 17 U.S.C. § 501(a) ("*Anyone* who violates any of the exclusive rights of the copyright owner . . . is an infringer of copyright.") (emphasis added); *Samet & Wells, Inc. v. Shalom Toy Co.*, 429 F. Supp. 895, 903-04 (E.D.N.Y. 1977) ("an individual, including an officer . . . . of a corporation who participates in the acts constituting infringement is personally liable, jointly and severally with the corporate defendants."), *aff'd*, 578 F.2d 1369 (2d Cir. 1978).

B. <u>Damages</u>

Although the allegations of a complaint pertaining to liability are deemed admitted upon entry of a default judgment, allegations relating to damages are not. *See Greyhound Exhibitgroup*, 973 F.2d at 158. Rather, claims for damages must generally be established in an evidentiary proceeding at which the defendant is afforded the opportunity to contest the amount claimed. *Id.* An evidentiary presentation is required so that the court may ensure that there is a basis for the damages sought before entering judgment in the amount demanded. *Fustok v. Conticommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989). A court may make this determination based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence. *See* FED. R. CIV. P. 55(b)(2); *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1991); *Fustok*, 873 F.2d at 40. Plaintiff seeks an award of the minimum statutory damages available to it, along with a permanent injunction. Pl. Br. at 12-19. Defendant has not submitted any opposition to plaintiff's motion papers. Accordingly, a hearing is not warranted.

A copyright owner who has established infringement of its copyright may recover either actual damages plus profits, or statutory damages. 17 U.S.C. § 504(a); *see also Twin Peaks Prods., Inc. v. Publ's Int'l, Ltd.*, 996 F.2d 1366, 1380, 1382 (2d Cir. 1993) (permitting plaintiff to elect statutory remedy where damages were difficult to ascertain); *N.A.S. Import, Corp. v. Chenson Enters., Inc.*, 968 F.2d 250, 252 (2d Cir. 1992) (noting that a copyright owner may elect statutory damages instead of other forms of monetary relief). An award of statutory damages must be "in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). If the court finds, however, that the infringement was committed willfully,

5

"the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2). Despite making a strong showing of willfulness, due to the large number of works infringed plaintiff elects to recover only the minimum statutory damages award of $750 for each of the 511 television episodes that were infringed, for a total of $383,250. Pl. Br. at 17. Plaintiff should be awarded that amount.[5]

C.  Permanent Injunction

Finally, plaintiff requests a permanent injunction enjoining defendants from infringing any of plaintiff's copyrights or trademarks. Pl's Br. at 24-25. Section 502(a) of the Copyright Act provides that any court may grant "final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). Thus, permanent injunctions are generally granted where liability has been established and there is a threat of continuing infringement. *See Island Software & Computer Serv., Inc. v. Microsoft Corp.*, No. 01-CV-750, 2006 WL 1025915, at *2 (E.D.N.Y. Apr. 13, 2006) ("[W]hen a copyright plaintiff has established liability and a threat of continuing infringement, he is entitled to an injunction"); *see also Richard Feiner & Co. v. Turner Entertainment Co.*, No. 96 Civ. 1472, 1998 WL 78180, at *2, n. 2 (S.D.N.Y. Feb. 24, 1998) (noting that it is an abuse of discretion for a court to deny a permanent injunction where copyright liability has been established and a threat of continuing infringement exists). Similarly, injunctive relief is available under the Lanham Act where there

---

[5] Plaintiff is entitled to recover statutory damages for each episode of its television programs that was unlawfully distributed, even though the copyright registrations may only apply to the television series as a whole. *See, e.g.*, *U2 Home Entertainment, Inc. v. John Does I through V, d/b/a "Go Go Mall,"* No. 04-CV-4402 (RJD) (JMA), 2005 WL 3018702, * 4 (E.D.N.Y. Sept. 13, 2005) *(citing Twin Peaks Prod., Inc.,* 996 F.2d at 1381).

6

is a likelihood of confusion or deception as a result of a defendant's conduct. *E.g., Warner Bros. Inc. v. Gay Toys, Inc.*, 658 F.2d 76, 79 (2d Cir. 1981).

Plaintiff is entitled to an injunction under the Copyright Act. Given that VCD/DVD copying equipment was seized from Gai Fat Rentals, it is evident that defendant's conduct was willful. Further, during the pendency of this lawsuit, plaintiff has become aware that defendants have continued to infringe plaintiff's copyrights, thereby indicating that a threat of future infringement exists.[6] Similarly, an injunction should issue under the Lanham Act because there is a likelihood of confusion or deception because of defendants' actions. Accordingly, I respectfully recommend that plaintiff's request for a permanent injunction be granted.

## Conclusion

For the foregoing reasons, I respectfully recommend that default judgment be entered against defendants, jointly and severally, in the amount of $383,250.00, and that they be permanently enjoined from infringing plaintiff's existing or future copyrights and trademarks. Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Chambers of the Honorable Allyne R. Ross within ten business days of receiving this Report and Recommendation, and no later than March 23, 2007. Failure to file timely objections may waive the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72; *Small v. Secretary of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989). Plaintiff is hereby directed to serve copies of this Report and Recommendation upon

---

[6] Plaintiff has discovered that even after the July 19, 2007 seizure, bootleg DVDs containing plaintiff's copyrighted works are being sold in front of Gai Fat Rentals for $2.00 per disc. Huie Aff. ¶¶ 14-15.

defendants by certified mail, return receipt at their last known address no later than March 6, 2007, and to file proof of service with the Clerk of the Court.

**Dated: March 2, 2007**
       **Brooklyn, New York**

_Ramon E. Reyes, Jr._
**Ramon E. Reyes, Jr.**
**United States Magistrate Judge**